IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANK TURNEY, JR., et al., )
)
        Plaintiffs, )
)
v. ) Case No. 09-2533-JWL
)
DZ BANK AG DEUTSCHE ZENTRAL )
GENOSSENSCHAFTSBANK, et al., )
)
        Defendants. )
)
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiffs' motion for reconsideration (Doc. # 95) of the Court's Memorandum and Order of September 20, 2010; a motion by defendant DZ Bank AG Deutsche Zentral Genossenschaftsbank ("DZ Bank") to dismiss the contract claim asserted against it by plaintiff Turney & Son, Inc. ("T&S") (Doc. # 100); and plaintiffs' motion for leave to file a fifth amended complaint omitting that contract claim (Doc. # 112). For the reasons set forth below, the Court **denies** plaintiffs' motions for reconsideration and for leave to amend, and it **grants** DZ Bank's motion to dismiss the contract claim.

**I.**    **Procedural Background**

In this action, seven plaintiffs sought declaratory judgments and asserted claims

against seven defendants arising out of plaintiffs' purchase of insurance franchises from affiliates of Brooke Corporation (collectively, "Brooke" or "the Brooke entities"). Defendants were banks that, according to plaintiffs, provided financing to Brooke and now seek to enforce loans made by Brooke to plaintiffs to finance the franchise purchases. On April 29, 2010, the Court dismissed plaintiffs' second amended complaint, but it allowed plaintiffs to amend to cure their pleading deficiencies.

Four of the plaintiffs filed a third amended complaint, against four of the original defendants. Plaintiffs alleged generally that the Brooke entities inflated the purchase price of plaintiffs' franchises by misrepresenting and failing to disclose certain information; that defendant banks financed Brooke's lending activities without oversight and despite conflicts of interest; that after Brooke collapsed, the banks gained control of the accounts containing the franchisees' commissions; and that defendants now seek to enforce the loans made by Brooke to plaintiffs. Plaintiff brought declaratory judgment claims (Counts I, V(B)[1]), seeking a declaration that defendants are subject to all defenses plaintiffs have against Brooke, and that such defenses render the franchise loans unenforceable. As part of their request for declaratory relief, plaintiffs alleged fraud (Counts III, VII) and breaches of fiduciary duty (Counts II, VI) by the Brooke entities. Plaintiffs also sought a declaration that the Brooke entities breached obligations under plaintiffs' franchise and loan agreements and that those "prior breaches" precluded

---

[1] Plaintiffs' third amended complaint contained two different counts labeled as Count V.

claims by defendants on the loans. In separate counts, plaintiffs also sought declarations that defendants cannot enforce plaintiffs' loans because defendants are not holders in due course with respect to those loans (Counts IV, V(A), VIII). Finally, plaintiffs asserted affirmative claims for breach of contract (Count X) and for money had and received (Count XI), based on defendants' alleged failure to remit commissions to plaintiffs.

Defendants moved to dismiss the third amended complaint, and by Memorandum and Order of September 20, 2010 (Doc. # 92), the Court dismissed every claim except plaintiffs' claim for money had and received, although it granted plaintiffs leave to amend their affirmative contract claim. The Court denied plaintiffs leave to amend their other claims because of their multiple prior amendments and their failure to cure pleading deficiencies noted in prior orders. On October 8, 2010, the four plaintiffs filed their fourth amended complaint, by which they assert two claims: a claim by plaintiff T&S against defendant DZ Bank for breach of contract, and a claim by all four plaintiffs against the four remaining defendants for money had and received.

## II.     **Plaintiffs' Motion for Reconsideration**

Plaintiffs ask the Court to reconsider its dismissal of plaintiff's declaratory judgment claims. Grounds "warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.,* 57

3

F.3d 941, 948 (10th Cir. 1995)). Thus, a motion for reconsideration is appropriate when the court has misapprehended the facts, a party's position, or the controlling law. *Id.* It is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing. *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

*A. Declaratory Judgment Counts – Enforceability of Loans*

Plaintiffs first two arguments relate to the assertion in their complaint that the various Brooke entities were so interconnected that their separate corporate identities should be "pierced" or disregarded. Plaintiffs made that claim in the context of its declaratory judgment claims seeking a declaration that their defenses against the Brooke entities could be used against these defendants to make the subject loans unenforceable (Counts I, II, III, V(B), VI, VII). In its dismissal order, the Court concluded that the piercing allegations in plaintiffs' third amended complaint were not sufficient under Delaware or Kansas law to allow the separate corporate forms to be ignored. In seeking reconsideration of that ruling, plaintiff cites allegedly new information showing how the Brooke entities were interconnected. Plaintiff also argues that defendants should be judicially estopped from denying that interconnectedness in light of statements and positions by one defendant on behalf of certain secured creditors in another proceeding involving the Brooke entities.

The Court denies reconsideration of its dismissal of these counts for a number of reasons. First, the Court dismissed these counts because plaintiffs had failed in their

4

third amended complaint (just as they had in an earlier complaint) to plead these fraud-based claims with particularity as required by Fed. R. Civ. P. 9(b). Plaintiffs have not challenged that ruling by the Court; thus, there is no basis for the dismissal of these counts to be undone.[2] Second, the Court also dismissed these counts because plaintiff had failed in their complaint (despite the Court's instruction in an earlier order) to make clear how any piercing of the Brooke entities' corporate veils would make the subject loans unenforceable. Plaintiffs have not challenged that particular ruling or addressed that omission in its present submission. Again, therefore, even if plaintiffs had pleaded sufficient facts to allow for piercing, they still did not plead sufficient facts to explain how the loans were unenforceable.

Third, plaintiffs' "new information" does not bear on the issue addressed by the Court in its prior order—whether plaintiffs' complaint stated cognizable and plausible claims. Any new information uncovered by plaintiffs does not alter the content of that complaint. Fourth, plaintiffs have not shown that their information is truly new, in the sense that their arguments could not have been raised before in briefing the motion to dismiss. For instance, plaintiff cites to publicly-available financial documents and years-old pleadings from the related case. Moreover, even though plaintiffs purportedly learned of some documents only on August 18, 2010, the Court did not issue its order for another month, and plaintiffs never sought leave to supplement their opposition brief.

---

[2]Although defendants noted the Court's application of Rule 9(b) in their response brief, plaintiffs did not file a reply brief in support of their motion for reconsideration.

5

Fifth, plaintiffs have not shown that all of these defendants took a clearly inconsistent position regarding the piercing of the Brooke entities' veils in the related proceeding, such that the Court should apply the discretionary remedy of judicial estoppel here. *See Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1068-69 (10th Cir. 2005).[3]

The Court also rejects any argument for reconsideration based on manifest injustice. As noted above, plaintiffs have not even attempted to show that they did in fact plead these claims properly (despite multiple pleading opportunities). Moreover, plaintiffs have not been deprived of any relief to which they would otherwise be entitled, as a declaratory judgment is always discretionary with the Court, and plaintiffs may still assert any applicable defenses if defendants assert claims against them.

Accordingly, the Court denies plaintiffs' motion for reconsideration of these counts.

### B. *Declaratory Judgment Counts – Holders in Due Course*

In its prior order, the Court dismissed plaintiffs' declaratory judgment counts concerning holder-in-due-course status (Counts IV, V(A), VIII) for two reasons: plaintiffs had not included sufficient facts to make their claims plausible; and plaintiffs had not pleaded any underlying defenses to the loans (other than the fraud and fiduciary duties claims that had already been dismissed) that would make defendants' holder-in-

---

[3]In light of these reasons, the Court need not decide whether this "new information," if it had been included in the complaint, would have been sufficient to support piercing under Kansas or Delaware law.

6

due-course status relevant. In their present motion for reconsideration, plaintiffs have included a section discussing the law concerning holder-in-due-course status under the Kansas Uniform Commercial Code. Plaintiffs have not explained, however, how the Court erred in its prior rulings concerning these counts. Accordingly, the Court denies any request for reconsideration of the Court's dismissal of these counts.

*C.     Declaratory Judgment Claim – Prior Breach*

Finally, plaintiffs seek reconsideration of the Court's dismissal of Count IX of the third amended complaint, by which plaintiffs sought a declaration that their franchise and loan agreements were unenforceable because of the Brooke entities' prior breaches of those agreements. Plaintiffs argue that they pleaded facts from which one could infer that the alleged breaches were material. Plaintiffs have not addressed the Court's first basis for dismissal of this claim, however—plaintiffs' abandonment of the claim by failing to respond to defendants' arguments for the claim's dismissal. Thus, there is no basis for reconsideration of the dismissal of this claim. Moreover, even though plaintiffs pleaded that they entered into financing agreements based on representations regarding the value of the franchise as a going concern, they did not allege any facts to support an assertion that the particular breaches alleged were so substantial as to defeat the main purpose of the contracts, such that all performance by plaintiffs could be excused. Thus, the Court's dismissal was appropriate on the merits as well. Finally, as noted above, manifest injustice will not result from the Court's refusal to reverse its dismissal order, as plaintiffs may still assert all valid defenses to future affirmative claims asserted by

7

defendants against plaintiffs.

Accordingly, plaintiffs' motion for reconsideration is denied in its entirety.

### III. <u>Dismissal of the Contract Claim Against DZ Bank</u>

In its Memorandum and Order of September 20, 2010, the Court ruled that plaintiffs had not properly pleaded a plausible claim for breach of contract. The Court noted that, in a prior order, it had required plaintiffs to identify the particular contracts allegedly breached, as plaintiffs had only alleged breaches under contracts to which defendants were not parties. Despite that prior warning, plaintiff still did not allege facts in their third amended complaint that could establish that a particular contract contained an obligation to pay plaintiffs and that defendants were bound by that obligation. Thus, the Court dismissed the contract claim, but it allowed plaintiffs a final opportunity to amend that count to state a cognizable and plausible claim.

In the subsequent fourth amended complaint, filed on October 8, 2010, plaintiff T&S asserted a claim against defendant DZ Bank for breach of contract, in which T&S alleged that DZ Bank entered into a foreclosure agreement with a Brooke entity and then failed to pay commissions to T&S. DZ Bank has now moved to dismiss that claim on the basis that the foreclosure agreement does not provide for DZ Bank's assumption of any contract duties. In response to this motion, T&S has not disputed that basis for dismissal; instead, T&S requests that the motion to dismiss be denied as moot, in light of plaintiffs' own motion (filed after DZ Bank's motion to dismiss) for leave to amend

to withdraw the contract claim. In their motion for leave to amend, plaintiffs state that they have reviewed documents "that call into question the validity of certain transfers among the Brooke entities and the transfer to DZ Bank," and that "these infirmities would invalidate the transfers and would extinguish any potential contractual relationship" between T&S and DZ Bank. DZ Bank opposes withdrawal of the claim by amendment, arguing that T&S seeks only to avoid a dismissal on the merits.

DZ Bank has asserted a facially-valid basis for dismissal of T&S's contract claim, and T&S has not challenged that basis, while conceding that no contractual relationship apparently exists. Accordingly, there is no reason not to grant DZ Bank's motion to dismiss this claim, and the Court does dismiss that claim. In light of that dismissal, T&S's motion for leave to amend is denied as moot.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiffs' motion for reconsideration (Doc. # 95) of the Court's Memorandum and Order of September 20, 2010, is **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT defendant DZ Bank's motion to dismiss the claim against it for breach of contract (Doc. # 100) is **granted**, and that claim is hereby dismissed.

IT IS FURTHER ORDERED THAT plaintiffs' motion for leave to amend (Doc. # 112) is **denied as moot**.

IT IS SO ORDERED.

Dated this 17th day of December, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
