IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANK TURNEY, JR., et al., )
)
Plaintiffs, )
)
v. ) Case No. 09-2533-JWL
)
DZ BANK AG DEUTSCHE ZENTRAL )
GENOSSENSCHAFTSBANK, et al., )
)
Defendants. )
)
_____)

# **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion by defendant DZ Bank AG Deutsche Zentral Genossenschaftsbank ("DZ Bank") for summary judgment on the remaining claim asserted against it by plaintiff Turney & Son, Inc. ("T&S") for money had and received (Doc. # 141). For the reasons set forth below, the Court **grants** the motion, and summary judgment is awarded to DZ Bank on T&S's claim against it.

## **I.** **Procedural Background**

Originally in this action, seven plaintiffs sought declaratory judgments and asserted claims against seven defendants arising out of plaintiffs' purchase of insurance franchises from affiliates of Brooke Corporation (collectively, "Brooke"). Defendants were banks that, according to plaintiffs, provided financing to Brooke and now seek to

enforce loans made by Brooke to plaintiffs to finance the franchise purchases. After a series of dismissal orders by the Court, only a single count remains—a claim by three remaining franchisees[1] against the four remaining defendants for money had and received. The claim against DZ Bank is asserted by plaintiff T&S. In plaintiffs' fourth amended complaint, T&S alleges that defendant Bank of New York Mellon Corporation (BNYM) wrongfully retained insurance commissions due and belonging to T&S, and that beginning in June 2009, BNYM distributed T&S's commissions to DZ Bank, who withheld those commissions from T&S. T&S alleges that its commissions in the amount of $213,565.91 were withheld by DZ Bank or diverted by Brooke. DZ Bank now seeks summary judgment on that claim.

## II. <u>Summary Judgment Standard</u>

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th

---

[1] Frank Turney, Jr., an individual who is alleged to be the president and guarantor of each of the three remaining franchisee plaintiffs, was included as a plaintiff in the fourth amended complaint. It does not appear, however, that the remaining money-had-and-received claim has been asserted on his behalf. Thus, it appears that only the three franchisees remain as proper plaintiffs. T&S was the only plaintiff to respond to DZ Bank's motion for summary judgment.

2

Cir. 2006). An issue of fact is "genuine" if "the evidence allows a reasonable jury to resolve the issue either way." *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006). A fact is "material" when "it is essential to the proper disposition of the claim." *Id.*

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* (citing *Celotex*, 477 U.S. at 325).

If the movant carries this initial burden, the nonmovant may not simply rest upon his or her pleadings but must "bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof." *Garrison v. Gambro*, Inc., 428 F.3d 933, 935 (10th Cir. 2005). To accomplish this, sufficient evidence pertinent to the material issue "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002).

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and

inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

### III. <u>Analysis of Summary Judgment Motion</u>

Plaintiff T&S's sole claim against defendant DZ Bank is one for money had and received. The parties agree that this claim is correctly described by the following statement of law:

> An action for money had and received is an equitable action, governed by equitable principles. All that plaintiff need show is that defendant holds money which, in equity and good conscience, belongs to him.

*Black v. City of Lawrence*, 113 Kan. 518, 521 (1923), *quoted in Witmer v. Estate of Brosius*, 184 Kan. 273, 277 (1959).[2] Thus, T&S must show that DZ Bank holds money (in this case, representing commissions) belonging to T&S.

In support of its motion for summary judgment on this claim, DZ Bank has submitted an affidavit, supported by certain documents, stating the following facts: On

---

[2]The parties agree that Kansas law governs this claim. *See* Restatement (Second) of Conflict of Laws § 221 (restitution claims are governed by the law of the state with the most significant relationship to the occurrence and parties); *Sunbird Air Servs., Inc. v. Beech Aircraft Corp.*, 1992 WL 193661, at *7 (D. Kan. July 15, 1992) (applying Restatement § 221 to determine law governing restitution claim). Choice of law is not material here, however, as the element at issue—that the defendant have money belonging to the plaintiff—is a basic requirement of any claim for money had and received. *See* 42 C.J.S. *Implied Contracts* § 12 ("an action for money had and received, although an action at law, is governed by equitable principles, and may generally be maintained whenever one has money in his or her hands belonging to another, which, in equity and good conscience, he or she ought to pay over to that other").

4

July 1, 2009, and on December 9, 2009, DZ Bank received transfers of funds from BNYM representing commissions that had been allocated to Brooke franchisees by the allocation agent designated by a settlement agreement approved by the bankruptcy court; on July 6, 2009, and on December 22, 2009, DZ Bank transferred to T&S $4,415.53 and $3,163.85, respectively, representing the commissions that had been allocated to T&S by those dates; and although approximately $1,300 subsequently was allocated to T&S by the allocation agent, DZ Bank has not received any more transfers from BNYM to pay that amount to T&S. Thus, DZ Bank argues that T&S cannot show that it has received any funds belonging to T&S that it has not paid out, and that T&S therefore cannot prevail on this claim for money had and received.

In response, T&S first objects to DZ Bank's reliance on documents that were not produced to T&S in DZ Bank's initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). The Court rejects this argument. T&S has not provided any authority suggesting that a party cannot support a motion for summary judgment with documents that have not yet been produced in discovery. T&S received the documents with DZ Bank's motion, and T&S has not indicated that it needs additional time to understand or consider those documents. Moreover, DZ Bank's affidavit contains the necessary evidence, and T&S has not explained why the affidavit should not be considered apart from the underlying documents.

T&S next argues that its own evidence is sufficient to preclude summary judgment on this claim. T&S has submitted an affidavit from its principal stating that

5

it should have received more commissions, based on commission statements from Brooke (for August through October 2008) and on historical data and policies sold and serviced (for November and December 2008). T&S has also submitted various e-mails that show the Brooke special master trying to work with the banks generally to get funds to send on to franchisees. T&S has provided no evidence, however, that any commission funds were actually transferred to DZ Bank; thus, T&S has not submitted any evidence to create an issue of fact concerning whether DZ Bank holds any money representing commissions belonging to T&S. Although T&S argues that DZ Bank prevented payments to T&S by others, such facts would be irrelevant, as T&S has not asserted a tortious interference claim or any other claim based on such conduct by DZ Bank. Accordingly, T&S has not met its burden to submit evidence showing a genuine issue of material fact.

**IV.   Application of Rule 56(d)**

In the alternative, T&S requests additional time for discovery pursuant to Fed. R. Civ. P. 56(d).[3] That rule provides as follows:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may:
>
> (1)   defer considering the motion or deny it;

---

[3]Although T&S cites Rule 56(f), the rule has been amended, and the relevant provision now may be found at Rule 56(d).

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

*Id.*

In his affidavit, T&S's principal states that discovery is needed on two issues: (1) the disposition of the funds received by Brooke on behalf of T&S "that DZ Bank refused to permit the Special Master to payout," and the basis for that refusal; and (2) the amount of funds due to T&S that has been transferred to DZ Bank. The affidavit further states that such discovery would "identify the 'money trail' of sales commissions paid on behalf of [T&S] and enable it to prove that DZ Bank holds money which in equity and justice belongs to [T&S]." T&S argues in support of this request that it has not had any opportunity to conduct discovery in this case (beyond DZ Bank's initial disclosure of 241 pages of documents, plus additional documents submitted with DZ Bank's motion);[4] and that the requested information is uniquely within the knowledge of DZ Bank and other banks.

The Court concludes that T&S has failed to make the required showing for relief under Rule 56(d), and the Court therefore declines to exercise its discretion to invoke that rule to delay resolution of DZ Bank's motion for summary judgment. The Tenth Circuit recently stated the requirements for a request under this rule as follows:

---

[4]On March 14, 2011, the Magistrate Judge stayed discovery in this case pending the resolution of DZ Bank's motion for summary judgment.

7

> In this circuit, a party seeking to defer a ruling on summary judgment under Rule 56(f) [now Rule 56(d)] must provide an affidavit explaining why facts precluding summary judgment cannot be presented. This includes identifying (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment.

*Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (quoting *Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)). It is not sufficient for a party merely to assert that discovery is incomplete or that needed facts are unavailable. *See Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993). Moreover, the fact that information may be in the exclusive control of another party is not sufficient by itself to justify relief under this rule. *See Price ex rel. Price v. Western Resources, Inc.*, 232 F.3d 779, 784 (10th Cir. 2000). "Furthermore, if the party filing the [Rule 56(d)] affidavit has been dilatory, or the information sought is either irrelevant to the summary judgment motion or merely cumulative, no extension will be granted." *Jensen*, 998 F.2d at 1554. Rule 56(d) "is not a license for a fishing expedition." *Lewis v. City of Ft. Collins*, 903 F.2d 752, 759 (10th Cir. 1990); *see also Price*, 232 F.3d at 784 ("If all one had to do to obtain a grant of a [Rule 56(d)] motion were to allege possession by movant of certain information and other evidence, every summary judgment decision would have to be delayed while the non-movant goes fishing in the movant's files.") (quoting *Vivid Techs., Inc. v. American Science & Eng'g, Inc.*, 997 F. Supp. 104, 107 (D. Mass. 1998), *vacated in part on other grounds*, 200 F.3d 795 (Fed. Cir. 1999)).

8

As a preliminary matter, the first subject on which T&S seeks discovery, as set forth in its affidavit, relates to DZ Bank's alleged refusal to let the Brooke special master make payments to T&S. That subject is irrelevant, as T&S's claim for money had and received requires proof that DZ Bank received funds belonging to T&S, and T&S has no claim against DZ Bank based on its preventing another party from paying T&S. Thus, the Court will not delay resolution of the pending motion to allow discovery on that issue.

T&S also seeks discovery on money transferred to DZ Bank. Such information might be relevant to this claim; however, T&S has not met the requirements of Rule 56(d) with respect to such discovery. T&S has not identified the particular facts that it expects to obtain in discovery (for instance, payments that DZ Bank did receive and withhold from T&S) or how such information will in fact show that summary judgment is not warranted. Nor has T&S Bank explained the specific manner in which it would obtain the necessary discovery. Nor has T&S explained the steps that it has taken thus far to obtain the needed information, or why, in the two years since the governing settlement agreement was approved by the bankruptcy court, it did not exercise diligence by availing itself of procedures under that agreement to challenge the allocation and payment of commissions to it. In the absence of such specificity, T&S's request does not justify relief under Rule 56(d), which may not be used in this manner to seek leave to conduct a fishing expedition, in the hope of turning up evidence to support a claim.

Accordingly, the Court denies T&S's request for relief under Rule 56(d), and it

9

awards DZ Bank summary judgment on the sole claim remaining against it in this action, namely T&S's claim against it for money had and received.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant DZ Bank's motion for summary judgment (Doc. # 141) is **granted**, and summary judgment is entered on the remaining claim by plaintiffs against DZ Bank.

IT IS SO ORDERED.

Dated this 12th day of April, 2011, in Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge